UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| VINCENT L. FIELDS, | ) | CASE NO. C09-0402-MJP |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES PAROLE COMMISSION, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a Washington State prisoner who is currently incarcerated at the Washington State Reformatory in Monroe, Washington. He has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner appears to allege in his petition that he was entitled to a revocation hearing with respect to a federal parole violation warrant which was issued after he was arrested and charged in state court, and that the failure to provide him such a hearing violated his due process rights. Petitioner also alleges

---

[1] Currently before the Court is petitioner's amended petition which identifies the United Sates Parole Commission as the respondent in this aciton.  (*See* Dkt. 34)

REPORT AND RECOMMENDATION
PAGE -1

that his current sentence structure violates state law. The government has filed returns in which it argues that the petitioner is not entitled to the relief he seeks.[2] Petitioner has filed replies to the government's returns. The Court, having reviewed the petition, and the briefing of the parties, concludes that petitioner's amended federal habeas petition should be denied and this action should be dismissed.

## BACKGROUND

On March 25, 1987, a federal grand jury sitting in the Southern District of California returned a two count indictment charging petitioner with conspiracy to possess 150 grams of cocaine base with intent to distribute, and with possession of 150 grams of cocaine base. (*See* Dkt. No. 30 at 6.) Petitioner proceeded to trial on those charges and, on July 22, 1987, a jury returned guilty verdicts on both counts. (*Id.*) On September 14, 1987, petitioner was sentenced to ten years imprisonment on each count and the terms were ordered to run concurrently. (Dkt. No. 28, Ex. A.) Petitioner was released from confinement on February 8, 1993, and was placed on parole. (Id., Ex. C.) Petitioner was to have continued on parole until September 16, 1996. (*Id.*)

However, on November 18, 1994, petitioner was charged in King County Superior Court with murder in the second degree, theft in the second degree, unlawful possession with intent to deliver cocaine, and unlawful possession of methamphetamine. *See State v. Fields*, 2001 WL 181149 (Wash.App. Div. 1). Petitioner was tried before a jury and found guilty on

---

[2] The government has filed two returns in this action. On may 28, 2009, the government filed a return to petitioner's original petition. (Dkt. 28.) On December 8, 2009, the government filed a second return in which it addressed issues raised in petitioner's amended petition and in petitioner's reply to the government's original return. (Dkt. 39.)

REPORT AND RECOMMENDATION
PAGE -2

01  all counts.  (Dkt. No. 28, Ex. D at 1.)  On September 22, 1995, petitioner was sentenced to a

02  total term of 219 months confinement.  (*Id*. at 3.)  Petitioner appealed his second degree

03  murder conviction to the Washington Court of Appeals, and the Court of Appeals reversed.

04  *State v. Fields*, 87 Wn. App. 57 (1997).   Petitioner was re-tried on the second degree murder

05  charge and was convicted on November 5, 1999.  (Dkt. No. 28, Ex. D at 11.)  On January 14,

06  2000, petitioner was again sentenced to a term of 219 months confinement.  (*Id.* at 13.)

07  Petitioner appealed his conviction and sentence to the Washington Court of Appeals, and the

08  Court of Appeals affirmed.  *State v. Fields*, 2001 WL 181149 (Wash.App. Div. 1).

09         On December 21, 1994, while petitioner was awaiting trial on the state court charges,

10  the Regional Office of the United States Parole Commission issued a warrant application and

11  warrant charging petitioner with violating the conditions of his release.  (*See* Dkt. No. 28, Exs.

12  E and F.)  The warrant application set forth the charged parole violations which included the

13  pending Washington murder and drug charges and a charge that petitioner possessed dangerous

14  weapons at the time of his November 1994, arrest.  (*See id*., Ex. E at 2.)  The warrant

15  application and warrant were directed to the United States Marshal for the Western District of

16  Washington with instructions to "place a detainer and assume custody when released."  (*Id.* at

17  1.)

18         On October 4, 1996, the United States Marshal issued a detainer based on the parole

19  violation warrant.  (*See* Dkt. No. 28, Ex. G.)  The detainer was received by the Washington

20  Department of Corrections on October 18, 1996.  (*See id*.)  Subsequent detainers were

21  apparently lodged in March 2004, July 2006, and November 2006.  (*See* Dkt. No. 29 at 2.)

22         On January 7, 1997, following the issuance of the first detainer, petitioner was notified

that he was entitled to review of the detainer pursuant to 18 U.S.C. § 4214(b)(1).  (*Id.*)  On February 10, 1997, petitioner requested appointment of counsel and, in July 1997, counsel was appointed to represent petitioner for purposes of the detainer review.  (*Id.*)

On September 26, 1997, petitioner, through counsel, submitted paperwork relevant to the detainer review to the United States Parole Commission.  (*Id.*)  And, on February 18, 1998, the Parole Commission determined that the detainer should stand.  (Dkt. No. 28, Ex. I.)  The notice of action setting forth this determination included a directive to the United States Marshals Service to notify the Parole Commission "when the warrant is executed and return the executed warrant."  (*Id.*)  To date, the parole warrant has not been executed.

## DISCUSSION

### Due Process

Petitioner asserts in this federal habeas action that his due process rights were violated when federal authorities failed to provide him a revocation hearing with respect to charges that he violated his federal parole after he was arrested and charged in state court.  Petitioner relies on the United States Supreme Court's decision in *Morrissey v. Brewer*, 408 U.S. 471 (1972), to support his claim.  In *Morrissey*, the Supreme Court held that the liberty of a parolee, though conditional, is an interest which is entitled to the protections of the Due Process Clause.  *Id.*, at 482.  Among the minimal due process requirements identified by the Court in *Morrissey* are notice of the alleged violations, a preliminary probable cause hearing as close in time as possible to the time the parolee is arrested for a parole violation, and an opportunity for a hearing prior to the final decision on revocation by the parole authority.  *Id.* at 487-88.

The government argues that under applicable law, petitioner is not entitled to a

revocation hearing at this juncture.  The government directs the Court's attention to the statutory provisions governing federal parole violation/revocation matters.  Section 4213 of Title 18 of the United States Code provides that when a parolee is alleged to have violated his parole, the United States Parole Commission may either summon the parolee to appear at a hearing or issue a warrant and "retake the parolee as provided in this section."  *See* 18 U.S.C. § 4213(a)(2).  Section 4213 further provides that "in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge."  18 U.S.C. § 4213(b).  Section 4214 of Title 18 of the United States Code provides that where a parolee has been convicted of a new offense and is serving a new sentence in an institution, "a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer."  *See* 18 U.S.C. § 4214(b)(1).

In petitioner's case, the parole violation warrant was issued after petitioner was charged in state court, but before he was convicted and sentenced.  While the Parole Commission did not suspend issuance of the warrant, the United States Marshal took no action with respect to that warrant until after petitioner was convicted and sentenced in state court.  On October 4, 1996, almost a year after petitioner was first sentenced in state court, the United States Marshal caused the federal parole warrant to be lodged against petitioner as a detainer.

Neither issuance of the parole violator warrant, nor the lodging of the detainer, triggered the *Morrissey* protections which petitioner contends he is entitled to because at no point has petitioner been taken into custody as a parole violator.  *See Moody v. Daggett*, 429 U.S. 78, 86-87 (1976).  Since November 1994, when petitioner was first charged in state court, his loss of liberty has derived solely from those charges.  Nothing in the record suggests that petitioner

REPORT AND RECOMMENDATION
PAGE -5

would have, at any point, been released from state custody were it not for the outstanding federal parole warrant. Once the warrant is executed, and petitioner is "retaken" by the United States Parole Commission, he will only then become entitled to the hearing he seeks.[3]

### State Law

Petitioner also asserts in his amended petition that his current sentence structure violates Washington law. The provision of Washington law at issue is RCW § 9.94A.589(2) which identifies the order in which sentences are to be served when an offender under sentence for a conviction of a felony commits another felony and is sentenced to another term of confinement. The government correctly points out that a state statute cannot dictate the manner in which a federal parole violation is addressed. Moreover, a writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal habeas relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)(*citing Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Thus, even if petitioner had established some violation of state law, he would not be entitled to relief in this federal habeas action.

/ / /

/ / /

/ / /

/ / /

---

[3] Prior to execution of the warrant, the only review petitioner was entitled to was a review of the detainer by the Parole Commission. See 18 U.S.C. § 4214(b)(1). The record makes clear that petitioner was afforded that review and was appointed counsel to represent him in that process. (*See* Dkt. 29 at 2.) As noted above, the Parole Commission determined that the detainer should stand.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's amended habeas petition be denied and that this action be dismissed. A proposed order accompanies this Report and Recommendation.

DATED this 10th day of March, 2010.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge